IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 20-202 |
| v. | : | |
| ALEKSANDAR KAVAJA | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Jerome M. Maiatico and Kelly Harrell, Assistant United States Attorneys for the District, respectfully submits this change of plea memorandum.

**I.      BACKGROUND**

On July 9, 2020, defendant Aleksandar Kavaja was charged in an Information with conspiracy to possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70506(b), 70503(a)(1) and  21 U.S.C. § 960(b)(1)(B) (Count One).  This charge arises from the defendant's participation in a drug smuggling scheme onboard the Motor Vessel MSC Gayane beginning in or around early 2019 until on or about June 17, 2019, on the high seas, elsewhere, and in Philadelphia, Pennsylvania.

On September 10, 2020, the defendant is expected to plead guilty to the Information.  The government and the defendant have entered into a guilty plea agreement pursuant to Federal Rule of Criminal Procedure 11, a copy of which is attached hereto as Exhibit A.

II. **ELEMENTS**

   A. **Conspiracy to Possess With Intent to Distribute 5 Kilograms or more of Cocaine on a Vessel Subject to the Jurisdiction of the United States, 46 U.S.C. §§ 70506(b), 70503(a) & 21 U.S.C. § 960(b)(1) (Count One)**

In order to establish a violation of 46 U.S.C. §§ 70506(b), 70503(a), and 21 U.S.C. § 960(b)(1), the government must prove the following essential elements beyond a reasonable doubt:

   1. That two or more persons agreed to possess with intent to distribute a controlled substance on a vessel subject to the jurisdiction of the United States;

   2. That the defendant was a party to or member of that agreement;

   3. That the defendant joined the agreement or conspiracy knowing of its objective to possess with intent to distribute a controlled substance on a vessel subject to the jurisdiction of the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

   4. That the quantity of the cocaine which was involved in the conspiracy and which was attributable to and/or reasonably foreseeable to the defendant was 5 kilograms or more.

*See* Third Circuit Model Jury Instructions (Criminal) 6.21.846B; 46 U.S.C. §§ 70503(a), 70506(b) & 21 U.S.C. § 960(b)(1).

The object of the conspiracy, possession with intent to distribute a controlled substance on a vessel subject to the jurisdiction of the United States, has the following elements:

   1. That the defendant possessed a mixture or substance containing a controlled substance on the Motor Vessel MSC Gayane;

   2. That the defendant possessed the controlled substance knowingly or intentionally; and

2

   3.  That the defendant intended to distribute the controlled substance.

*See* Third Circuit Model Jury Instructions (Criminal) 6.21.841A; *Hornby*, Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.46.70503; 46 U.S.C. §§ 70503(a), 70506(b) & 21 U.S.C. § 960(b)(1).

## III. <u>STATUTORY MAXIMUM SENTENCE</u>

The statutory maximum sentence for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70506(b), 70503(a) & 21 U.S.C. § 960(b)(1), is lifetime imprisonment, a mandatory minimum 10 years' imprisonment, a mandatory minimum 5 years of supervised release up to lifetime supervised release, a $10,000,000 fine, and a $100 special assessment.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to five years on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

Forfeiture of all property used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to any conveyance used as a common carrier which had prohibited merchandise on board, and any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of the offense also may be ordered, all pursuant to 21 U.S.C. § 853 and 46 U.S.C. § 70507.

The defendant may also face immigration consequences in a separate proceeding before immigration authorities.

IV.     **FACTUAL BASIS FOR THE PLEA**

If this case were to proceed to trial, the government would introduce evidence to prove the following facts, among others, beyond a reasonable doubt:

Beginning in or around early 2019 until on or about June 17, 2019, on the high seas, elsewhere, and in Philadelphia, the defendant, Aleksandar Kavaja, conspired and agreed with others to possess with intent to distribute 5 kilograms or more of cocaine.

On June 17, 2019, agents and officers from Homeland Security Investigations (HSI), Customs and Border Protection (CBP), United States Coast Guard, Pennsylvania State Police, Delaware State Police, Philadelphia Police Department, and others, conducted an enforcement boarding of the Motor Vessel (M/V) MSC Gayane, at Packer Marine Terminal in Philadelphia, Pennsylvania.  The M/V MSC Gayane arrived in Philadelphia on the morning of June 17, 2019, from Freeport, Bahamas, laden with commercial cargo, destined for the United States and elsewhere.  The next port of call for the vessel was Rotterdam, Netherlands.

Upon searching the M/V MSC Gayane, law enforcement discovered and seized approximately 19.76 tons, or over 17,000 kilograms, of cocaine concealed within seven separate shipping containers.  Samples from each of the seven separate shipping containers were submitted for chemistry analysis, which confirmed the presence of cocaine, a Schedule II controlled substance.

The M/V MSC Gayane is a large, commercial shipping vessel that holds thousands of shipping containers and transports cargo around the world.  The vessel was operated by a captain and more than 20 crew members, and stopped at ports in South America, Central America, and the Caribbean before arriving in Philadelphia on June 17, 2019.  The M/V MSC Gayane is a vessel subject to the jurisdiction of the United States.

The defendant, Aleksandar Kavaja, was a crew member and worked on board the M/V MSC Gayane as the ship's electrician. The defendant, along with at least seven other crew members, was involved in smuggling bulk cocaine onto the vessel, at the direction of other co-conspirators outside the vessel. The defendant and three other crew members were each recruited into this bulk cocaine smuggling scheme in their home country, Montenegro, prior to boarding the vessel. While on the vessel, the defendant communicated with co-conspirators on land using a mobile "narco" phone to coordinate the bulk cocaine smuggling. Four crew members, including the defendant, operated the "narco" phones and recruited other crew members while at sea to assist in physically bringing the cocaine onto the vessel and stashing the cocaine in the vessel's shipping containers.

On multiple occasions during the M/V MSC Gayane's voyage, beginning in or around early 2019 until on or about June 17, 2019, and while at sea, crew members, including the defendant, helped load the bulk cocaine (packaged inside duffel bags) onto the vessel from speedboats that approached the vessel at night. Crew members used the vessel's crane to hoist cargo nets full of cocaine onto the vessel and then stashed the cocaine in the vessel's shipping containers. After hiding the cocaine among legitimate cargo, the crew members, including the defendant, used fake seals to reseal the shipping containers in which they had stashed the cocaine. The defendant and his co-conspirators intended to distribute the bulk cocaine to others. Law enforcement experts estimate that the street value of the cocaine smuggled onto the M/V MSC Gayane is over $1 billion U.S. dollars, and the large quantity of cocaine is consistent with a large-scale drug trafficking distribution network.

Based on the defendant's direct knowledge of and participation in the bulk cocaine smuggling scheme and his role in its operations, the quantity of the cocaine which was attributable to and reasonably foreseeable to the defendant was 450 kilograms or more.

## V.     CONCLUSION

The United States respectfully submits that this summary of evidence provides a factual basis for the defendant's guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70506(b), 70503(a), and 21 U.S.C. § 960(b)(1)(B) (Count One).

The government respectfully requests that the Court accept the defendant's plea of guilty to the Information, pursuant to the Guilty Plea Agreement attached as Exhibit A.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s/ Kelly Harrell*
JEROME M. MAIATICO
KELLY HARRELL
Assistant United States Attorneys

Dated: September 2, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Change of Plea Memorandum to be served via email on the following:

> Andres Jalon, Esq.
> Jalon & Associates
> 1500 JFK Blvd, Suite 1300
> Philadelphia, PA 19102
> ajalon@jalonesq.com

> */s/ Kelly Harrell*
> KELLY HARRELL
> Assistant United States Attorney

Dated: September 2, 2020