```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ALEKSANDAR KAVAJA | : | NO. 20-202 |

MEMORANDUM

Bartle, J.                                                August 29, 2022

Before the court is the motion of defendant Aleksandar Kavaja, acting pro se, for compassionate release and sentence reduction.

I

On September 10, 2020, Kavaja pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States (46 U.S.C. §§ 70506(b), 70503(a)(1), and 21 U.S.C. § 960(b)(1)(B)). The court sentenced Kavaja on August 31, 2021, to a term of imprisonment of 88 months. Kavaja is currently serving his sentence at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"). He has served approximately 38 months and has credit for good conduct time of approximately six months. His minimum release date is September 16, 2025, and he faces an immigration detainer upon his release.

II

As mentioned above, Kavaja's motion for sentence reduction relies on 18 U.S.C. § 3582 as recently amended by the First Step Act. Section 3582(c)(1)(A)(i) provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission":

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction . . . and

> that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress has also enacted 28 U.S.C. § 994(t) which provides the following:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist if the defendant is (1) "suffering from a terminal illness"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

A district court is not bound by the Sentencing Commission's policy statement in deciding what is an

extraordinary and compelling reason.  United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).  Still, the court may look to the policy statement as a guide, even if it is not ultimately binding.  Id. at 260.

### III

Kavaja seeks compassionate release on medical grounds. He maintains that he suffers from stress related to perceived overcrowded conditions at FCI Berlin.  He further cites a study which found that exposure to COVID-19 causes long-term health consequences.

Kavaja is 29 years old.  His medical records show that he has high blood pressure although he has not been diagnosed with hypertension.  He also suffers from chronic migraines.  The Bureau of Prisons has given Kavaja medical attention and has prescribed him medication to treat both conditions.

The court notes that the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Compassionate release is available only to defendants with medical conditions that place them at a high risk of developing severe illness from COVID-19.  See, e.g., United States v. Spencer, 519 F. Supp. 3d 237, 249-50 (E.D. Pa. 2021).

Kavaja has not shown that he suffers from any medical condition that would place him at risk of developing severe illness should he contract COVID-19.  Furthermore, Kavaja has received a two-dose COVID-19 vaccine, and although he does not appear to have received a booster vaccine, the Government contends that booster vaccines are available to all inmates. Courts have overwhelmingly rejected petitions for compassionate release when a defendant is vaccinated and does not have a condition that heightens his risk of developing serious illness from COVID-19.  See, e.g., United States v. Reed, Cr. A. No. 18-78, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021). Accordingly, the court finds that Kavaja has not presented extraordinary or compelling circumstances based on any medical condition that warrant compassionate release.

IV

Kavaja also appears to contend that compassionate release is warranted based on family circumstances.  He asserts that he is the primary financial provider for his family and that his younger siblings are in need of his guidance and support.

The Sentencing Commission policy statement offers two circumstances that could present an "extraordinary and compelling reason" that warrants compassionate release:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 app. note 1(C).

Kavaja has not alleged that either circumstance is present. He simply wishes to be released so that he can financially support his family. While his desire is admirable, it does not present an extraordinary and compelling reason that warrants compassionate release.

V

Kavaja has not established an extraordinary and compelling reason that warrants his release under § 3582(c)(1)(A).[1] Thus, the court will deny the motion of Kavaja for compassionate release or sentence reduction.

---

1. In addition to the above-mentioned arguments, Kavaja argues that compassionate release is warranted to ameliorate the fiscal burden of keeping him in BOP custody. He further contends that the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), supports his release, although he does not explain how Concepcion would impact his sentence. Neither argument is meritorious.